IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CRYSTOL SELADOKI,**

    **Plaintiff,**

vs.

Case No. C2-07-1272
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

**BELLAIRE LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION,**

    **Defendant.**

## OPINION AND ORDER

On September 28, 2009, the Court issued an Opinion and Order finding that Defendant, Bellaire Local School District Board of Education ("School District") satisfied its obligation to provide a free and appropriate public education ("FAPE") to Christian Seladoski in the least restrictive environment, and that the School District did not violate the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et seq*. In that Order, the Court also permitted Defendant to move for summary judgment on Plaintiffs' claims under the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"). This matter is now before the Court for consideration of the Motion for Summary Judgment filed by Defendant Bellaire Local School District Board of Education. Because Defendant did not deny Christian a FAPE, which was the premise for Plaintiffs' claims under Section 504, the ADA and Section 1983, and because Plaintiffs concede that their remaining

claims cannot survive absent a predicate violation of the IDEIA, Defendant's Motion for Summary Judgment is **GRANTED**.

I.

The procedure for considering a motion for summary judgment is set forth in Federal Rule of Civil Procedure 56(c). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court views all facts and any inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir.2001).

> At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record which demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its initial burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. When the moving party has carried forward this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*; *accord* Fed. R. Civ. P. 56(e)(2).

*White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389-90 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2380 (2009). A scintilla of evidence in support of the plaintiff's position will be insufficient; rather, evidence must exist on which the jury can reasonably find in favor of the plaintiff.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). The Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000).

## II.

In their Complaint, Plaintiffs premised their claims under Section 504 and ADA on the proposition that Defendant denied Christian a FAPE. (Doc 2, at ¶¶24 & 28). When a school district has provided FAPE pursuant to the IDEIA, courts generally dispose of concurrent claims under Section 504 and ADA. As the Court of Appeals for the Sixth Circuit noted in *N.L. ex rel. Mrs. C. v. Knox County Schs*, 315 F.3d 688, 695-96 (6th Cir. 2003), "precedent has firmly established that Section 504 claims are dismissed when IDEA claims brought on the theory of a denial of free appropriate public education are also dismissed." Courts routinely recognize this principle. *See, e.g., Doe v. Arlington County Sch. Bd.*, 41 F. Supp.2d 599, 608 (E.D. Va. 1999) (holding school district entitled to summary judgment on claims under Section 504 and ADA which were based on allegation student deprived of FAPE under IDEA, where plaintiff failed to establish IDEA violation.); *Jones v. Washington County Bd. of Educ.*, 15 F. Supp.2d 783, 787 (D. Md. 1998) (granting school district's motion for summary judgment noting Section 504 claim fails when IDEA claim not viable.); *D.F. v. Western Sch. Corp.*, 921 F. Supp. 559, 571 (S.D. Ind. 1996) (granting school district's motion for summary judgment and dismissing Section 504 and ADA claims after finding plaintiff had not met burden of establishing IDEA violation); *Indep. Sch. Dist. No. 283 v. S.D.*, 88 F.3d 556, 562 (8th Cir. 1996) (granting judgment on administrative record and dismissing Section 504 and ADA claims, recognizing resolution of IDEA claim

necessarily rendered Section 504 and ADA claims no longer viable).[1]

In its September 28, 2009 Opinion and Order, this Court held that Defendant met its FAPE obligation under IDEIA through the IEP it developed and proposed for Christian for the 2006-2007 school year. Plaintiffs brought their Section 504 and ADA claims exclusively on the theory of a denial of free appropriate public education for Christian, which the Court has determined the School District provided. Plaintiffs, moreover, concede that their claims under Section 504 and the ADA both require, in an education context, something more than a failure to provide FAPE, and that these claims cannot survive based on the Court's disposition of their IDEIA claim. (Pls' Resp. to Def's Mot., at p. 1, 2 (citing *N.L.*, 315 F.3d 688). Accordingly, Defendant's Motion for Summary Judgment on Plaintiffs' Section 504 and ADA claims is **GRANTED**.

Similarly, Plaintiffs confirm their understanding that their claim under Section 1983 fails without a underlying determination that the School District denied Christian a FAPE. (Pls' Resp., at 2, n.1). As set forth in their Complaint, Plaintiffs' claim under Section 1983, too, is premised on the allegation that the School District denied Christian a FAPE. Except under circumstances not present here, Section 1983 does not provide a right to damages and may not be used to remedy a violation of the IDEIA. *Gean v. Hattaway*, 330 F.3d 758, 774 (6th Cir. 2003). Indeed, the

---

[1] Furthermore, the implementing regulations to Section 504 specifically provide that a school district's adoption of an IEP conforming with IDEIA is also sufficient as a means to satisfy the FAPE requirement under Section 504. 34 C.F.R. §104.33(b)(2). *See B.H. v. Portage Pub. Sch. Bd. of Educ.*, No. 1:08-cv-293, 2009 WL 277051 (W.D. Mich. Feb. 2, 2009)(noting FAPE under IDEA and Section 504 are "similar but not identical," and held that an IEP adopted in accordance with IDEA is sufficient to satisfy Section 504's FAPE requirements under federal regulation 34 C.F.R. §104.33(b)(2).).

Court found in its previous Opinion and Order makes that the School District met all of its substantive and procedural obligations to Plaintiffs under the IDEIA, and offered Christian a free and appropriate education.[2] Defendant's Motion for summary judgment on Plaintiffs' Section 1983 claims is also **GRANTED**.

### III.

Plaintiffs' Response to Defendant's Motion for Summary Judgment is, in essence, a motion for reconsideration of this Court's Opinion and Order granting Defendant's Motion for Judgment on the Administrative Record. The Federal Rules of Civil Procedure do not provide a specific mechanism for motions to reconsider. The Court of Appeals for the Sixth Circuit, however, has held that a motion to reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979)("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.").

The motion asks the Court to reconsider its earlier Order, which has been done. After further and additional review, the Court declines to modify its previous Order.

### IV.

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk of Courts is **DIRECTED** to enter judgment in favor of Defendant.

---

[2] To the extent Plaintiffs intended to base their Section 1983 claim on a violation of Section 504 and the ADA, it must be dismissed as a matter of law. Absent a deprivation of a federally protected right under Section 504 or the ADA, Plaintiffs cannot maintain a Section 1983 claim resting on these statutes.

**IT IS SO ORDERED.**

DATED  12-14-2009

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE